Jose Ines Munoz DIAZ; Liboria Figueroa Quintana, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Nos. 04–74963, 06–73017.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed June 13, 2007.

---

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Steven R. Espinoza, Whittier, CA, for Petitioners.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John R. Cunningham, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Jose Ines Munoz Diaz and his wife Liboria Figueroa Quintana, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") orders denying two consecutive motions to reopen. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, and review claims of due process violations due to ineffective assistance of counsel de novo. *See Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We grant the petition for review in No. 04–74963, and dismiss the petition in No. 06–73017.

■ We disagree with the BIA's conclusion that petitioners failed to demonstrate that their former attorney provided ineffective assistance of counsel. *See Mohammed,* 400 F.3d at 793 (petitioner must demonstrate that counsel failed to perform with sufficient competence in order to prevail on an ineffective assistance of counsel claim). At the hearing before the Immigration Judge ("IJ"), former counsel did not submit any medical documentation of petitioners' U.S. citizen son's severe allergic reaction to mosquito bites, suffered on a trip to Mexico. The IJ's decision noted at several points the complete lack of documentary evidence regarding this serious allergy, as well as other elements of petitioners' hardship claim. *See Lin v. Ashcroft,* 377 F.3d 1014, 1027 (9th Cir.2004) (where counsel's performance prevents the petitioner from reasonably presenting his case, ineffective assistance results).

■ We also disagree with the BIA's conclusion that the petitioners were not prejudiced by their former counsel's ineffective assistance. *See Mohammed,* 400 F.3d at 793 (in order to prevail on an ineffective assistance of counsel claim, a

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

petitioner must demonstrate prejudice). The evidence submitted with the motion to reopen demonstrated the severity of the son's allergic reaction, as well as the duration and complexity of his treatment, and this evidence could have altered the IJ's assessment of the case. *See Iturribarria v. INS*, 321 F.3d 889, 900 (9th Cir.2003) (petitioners must demonstrate that counsel's performance was so inadequate that it may have affected the outcome of the proceedings.)

We therefore remand to the agency to reconsider petitioners' cancellation application.

In light of our disposition, we dismiss No. 06–73017 without review.

In No. 04–74963, **PETITION FOR REVIEW GRANTED; REMANDED.**

In No. 06–73017, **PETITION FOR REVIEW DISMISSED.**